# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. FETZER,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. W. ZHANG,<br><br>    Defendants. | 1:14cv00357 LJO DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS FINDING CERTAIN CLAIMS COGNIZABLE AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO CHANGE SPELLING OF DEFENDANT'S NAME ON DOCKET |

Plaintiff Christopher J. Fetzer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on March 13, 2014.

On August 14, 2014, the Court screened Plaintiff's complaint and found that it stated an Eighth Amendment claim against Defendant Dr. W. Zhang.[1] The Court ordered Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on this claim.

On September 19, 2014, Plaintiff notified the Court that he wanted to proceed only on the cognizable claim against Defendant Zhang. Accordingly, the Court issues these Findings and Recommendations to dismiss the remaining claims and Defendants.

---

[1] Plaintiff has discovered that the correct spelling is Zhang, and requests that it be changed on all Court documents. To ensure proper service, the Court will order the Clerk of Court to change the spelling on the docket.

1

A.    **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Valley State Prison in Chowchilla, California, where the events at issue occurred.

Plaintiff alleges that on June 14, 2013, he possibly fractured his left pinky finger. He was taken to medical and seen by Nurse Gomez. Nurse Gomez asked Plaintiff what happened and filled out an intake form. She asked Plaintiff to wait so she could speak with Defendant Zhang. After speaking with Defendant Zhang, Nurse Gomez told Plaintiff that Defendant Zhang would not see him. Nurse Gomez told Plaintiff that Defendant Zhang said, "It could possibly be fractured and not sure if x-ray machine is working. He has Indomethacin he can take for the pain." ECF No. 1, at 3.

Plaintiff alleges that if Defendant Zhang had seen him for his injury, he would have discovered that (1) Indomethacin was not prescribed for his finger injury; and (2) Plaintiff had not received a prescription for Ranitideine, which he needs in order to take Indomethacin.

Plaintiff contends that Defendant Zhang's refusal to see him caused Plaintiff pain and suffering.

According to Plaintiff's exhibits, which he cites in the factual allegations, Plaintiff was not seen again until June 17, 2013. Thereafter, Plaintiff received treatment for a "tuft fracture" of the left pinky finger. ECF No. 1, at 7.

## C. DISCUSSION

### 1. Defendants Beard and Davis

Plaintiff names Defendants Beard and Davis in the caption of the complaint, but does not include any facts against them in the factual allegations.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff therefore fails to state a claim against Defendants Beard or Davis. Plaintiff does not allege that Defendants Beard or Davis was personally involved in any of the events at issue, or knew of any alleged violations and failed to prevent them.

### 2. Eighth Amendment- Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th

Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that Defendant Zhang was deliberately indifferent when he refused to see him for his possibly broken finger.  According to Plaintiff, Defendant Zhang acknowledged that Plaintiff's finger may be broken, but refused to see him or provide any treatment.  Defendant Zhang indicated that Plaintiff had pain medication and that he wasn't sure if the x-ray machine was working.  According to Plaintiff's exhibits, he was not seen until June 17, 2014, three days after he attempted to get care from Dr. Zhang.

At the screening stage, the Court finds that this states a claim against Defendant Zhang. Even if Defendant Zhang thought that Plaintiff had pain medication, he knew that it was possible that his finger was broken. Despite this knowledge, he refused to see Plaintiff or provide any treatment. Plaintiff went without care for three days and he alleges that he suffered pain as a result. Wilhelm, 680 F.3d at 1122.[2]

For these reasons, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Zhang.

### D. ORDER

Plaintiff has discovered that the correct spelling is Zhang, and requests that it be changed on all Court documents. Currently, Defendant Zhang's name is spelled "Zangh." To ensure proper service, the Court ORDERS the Clerk of Court to change the spelling on the docket to reflect Defendant Dr. W. Zhang.

### E. FINDINGS AND RECOMMENDATIONS

Based on the above, IT IS HEREBY RECOMMENDED that:

1. This action proceed on the Eighth Amendment claim against Defendant Zhang; and

2. The remaining claims, as well as Defendants Beard and Davis, be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

---

[2] Plaintiff will be instructed on service by separate order.

6

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**September 29, 2014**__          /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE