# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FETZER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. ZHANG,<br><br>　　　　　Defendant. | Case No. 1:14-cv-00357 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGADING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Document 26) |

Plaintiff Christopher Fetzer ("Plaintiff") is a former[1] state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 13, 2014. The action is proceeding against Defendant W. Zhang for violation of the Eighth Amendment.

Defendants filed the instant motion for summary judgment on October 5, 2015.[2] Plaintiff did not file an opposition, and the Court issued an order on November 30, 2015, ordering Plaintiff to either file an opposition, or a statement of non-opposition, within thirty (30) days. Despite this

///

---

[1] Plaintiff filed a notice of change of address on July 30, 2015, setting forth a residential address. He is no longer listed in the California Department of Corrections and Rehabilitations inmate locator.

[2] Concurrently with his motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

order, Plaintiff did not file any briefing or otherwise contact the Court.[3] The motion is therefore deemed submitted pursuant to Local Rule 230(l).

## I.     LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact

---

[3] The Court warned Plaintiff that a failure to file an opposition, or statement of non-opposition, would result in the Court deciding the motion without his input.

precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

The events at issue occurred while Plaintiff was incarcerated at Valley State Prison in Chowchilla, California.

Plaintiff alleges that on June 14, 2013, he possibly fractured his left pinky finger.  He was taken to medical and seen by Nurse Gomez, who asked him what happened and then filled out an intake form.  She asked Plaintiff to wait so she could speak with Defendant Zhang.  After speaking with Defendant Zhang, Nurse Gomez told Plaintiff that Defendant Zhang would not see him.  Nurse Gomez told Plaintiff that Defendant Zhang said, "It could possibly be fractured and not sure if x-ray machine is working.  He has Indomethacin he can take for the pain."  ECF No. 1, at 3.

Plaintiff alleges that if Defendant Zhang had seen him for his injury, he would have discovered that (1) Indomethacin was not prescribed for his finger injury; and (2) Plaintiff had not received a prescription for ranitidine, which he needs in order to take Indomethacin.

According to Plaintiff's exhibits, which he cites in the factual allegations, Plaintiff was not seen again until June 17, 2013.  Thereafter, Plaintiff received treatment for a "tuft fracture" of the left pinky finger. ECF No. 1, at 7.

## III.  UNDISPUTED MATERIAL FACTS[4]

On June 14, 2013, Plaintiff injured his pinky finger.  ECF No. 1, at 3.

---

[4] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendant as undisputed. Local Rule 56-260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).  A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).  However, Plaintiff did not file an opposition.

On June 14, 2013, Defendant was not Plaintiff's primary care doctor, and he did not have a history of regularly treating Plaintiff. Zhang Decl. ¶ 6; Fetzer Dep. 11:11-18.

Pursuant to the California Department of Corrections and Rehabilitation ("CDCR") policies and procedures, whenever a member of the medical staff meets with, or examines, an inmate for any medical reason, the medical staff is required to make a notation in the inmate's medical records providing a summary of what happened, including any treatment or medications provided. Barnett Decl. ¶ 9; Zhang Decl. ¶ 4. There are no notations or entries in Plaintiff's medical records indicating that he was seen by any medical professional on June 14, 2013, or that Defendant was called upon to treat Plaintiff for his finger injury. Barnett Decl. ¶¶ 13(a), 15(a)[5]; Zhang Decl. ¶¶ 9-10.

Plaintiff did not see Defendant on June 14, 2014. Zhang Decl. ¶¶7-9; Fetzer Dep. 12:20-25, 21:14-24.

On June 14, 2013, Plaintiff submitted a Health Services Request Form requesting treatment for a "possible broken pinky." Barnett Decl. ¶ 14(ii); ECF No. 1, at 23. The form was received on June 15, 2013, by R.N. Maculans. Barnett Decl., Attach. B.

On June 17, 2013, Plaintiff was seen by R.N. Thao and evaluated by Dr. Shwe. Barnet Decl. ¶ 14(ii), Attach. B.; Pl's Dep. 14:22-25. Also on June 17, 2013, an x-ray was ordered for June 21, 2013, because an x-ray technician was not available until that date. Barnett Decl. ¶ 14(iii), Attach. B.

On June 21, 2013, Plaintiff received an x-ray, which revealed a fracture at the tip (tuft) of the left fifth digit that was minimally displaced. Barnett Decl. ¶14(vi), Attach. B. A distal tuft injury of the fifth digit requires no treatment other than pain relief with non-narcotic drugs such as indomethacin, and protection against painful contact with the injured area if the patient can tolerate placement of a splint. Barnett Decl. ¶ 15(c). Fingertip tuft fractures require no casting or specialized treatment to heal quickly, without complications. Barnett Decl. ¶ 15(c). Treatment of a finger tuft injury with modest doses of indomethacin and rest is proper. Barnett Decl. ¶ 16. No more aggressive treatment or immediate x-ray provides any better outcome. Barnett Decl. ¶ 16. The

---

[5] Defendant submitted the Declaration of Bruce Barnett, M.D., in support of his motion for summary judgment. Dr. Barnett reviewed Plaintiff's medical records and offered his expert opinions.

placement of a splint for a finger tuft injury is for comfort only and does not impact healing. Barnett Decl. ¶ 15(b).

Indomethacin is a potent pain reliever. A prescription for ranitidine is not necessary for the use of indomethacin. Barnett Decl. ¶ 15(d). On June 10, 2013, Plaintiff had a prescription for indomethacin and was instructed to take the medicine with food to ameliorate the gastric upset that it might cause. Barnett Decl. ¶ 14(i), Attach. B; Pl.'s Dep. 22:21-24, 23:1-3. Ranitidine, an acid reflux drug, was added to Plaintiff's active medications on June 10, 2013, and was an active prescription on June 11, 2013. Def.'s Mot. Summ. J., Ex. B; Pl.'s Dep. 23:9-22.

Plaintiff is not a medically trained or licensed doctor. Pl.'s Dep. 27:21-24.

There has been no medical assessment that Defendant's actions or inactions contributed to Plaintiff's pain or injury. Pl.'s Dep. 49:14-19, 50:18-25, 51:1-4.

## IV. DISCUSSION

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Taking Plaintiff's verified complaint into consideration, there is a dispute as to whether Defendant was aware of Plaintiff's injury in the first instance. According to Plaintiff's allegations, he saw Nurse Gomez on June 14, 2013. Plaintiff states that she asked him to wait so that she could

speak with Defendant, and after speaking with him, Nurse Gomez told Plaintiff that Defendant said, "It could possibly be fractured and not sure if x-ray machine is working. He has indomethacin he can take for the pain." ECF No. 1, at 3.

Defendant, however, states that he has no recollection of discussing Plaintiff's injury with Nurse Gomez on June 14, 2013, and that if he did, there would have been a notation in Plaintiff's medical records. It is undisputed that there is no such notation. Zhang Decl. ¶¶ 7-10.

Plaintiff's allegations in his complaint contain hearsay, and may not be used to defeat summary judgment. See Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (citing Fed. R. Evid. 801(c)); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of discretion for the district court, at the summary judgment stage, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge). Without Plaintiff's statements, there is no evidence to show that Defendant knew of Plaintiff's injury on June 14, 2013. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

However, even assuming that Defendant knew of Plaintiff's injury, his actions do not rise to the level of deliberate indifference. According to Plaintiff's own allegations, Defendant considered Plaintiff's possible injury and determined that his pain medication was sufficient treatment. It is undisputed that Plaintiff had been prescribed indomethacin, a potent pain reliever, days before the injury. Defendant therefore made a medical judgment and knew that Plaintiff had sufficient medication for any pain, which negates a finding that he purposely failed to act or respond to Plaintiff's pain or medical need. Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Even if Defendant refused to see Plaintiff, as Plaintiff alleges, Defendant believed that Plaintiff had the necessary pain medication. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

To the extent that Plaintiff believes that Defendant should have examined him, this is simply a difference of opinion as to the appropriate treatment. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th

Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). It is undisputed, however, that Plaintiff's injury required no treatment other than pain relief with non-narcotic drugs such as indomethacin. Treatment of a finger tuft injury with modest doses of indomethacin and rest is proper.

Finally, Plaintiff's argument that Defendant would have uncovered an issue with the pain medication, i.e., that Plaintiff was not prescribed indomethacin for the finger injury, or could not take the indomethacin without a prescription for ranitidine, is without merit. First, as Defendant points out, Plaintiff is not a medical professional and cannot opine as to proper medical treatment. Second, it is undisputed that indomethacin is an appropriate pain reliever for Plaintiff's injury, regardless of why it was prescribed in the first instance. It is also undisputed that a prescription for ranitidine is not necessary for the use of indomethacin. Plaintiff had active prescriptions for both medications as of June 11, 2013, three days prior to the injury. Plaintiff suggests in his allegations that he was not receiving the ranitidine, but again, Plaintiff is not qualified to conclude that he could not take the indomethacin without the ranitidine. Additionally, Plaintiff does not allege that Defendant caused Plaintiff to not receive the ranitidine, or that Defendant knew that Plaintiff was not receiving it. That Defendant may have discovered this omission had he seen Plaintiff does not translate into a finding that Defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

For these reasons, Defendant is entitled to summary judgment on the Eighth Amendment deliberate indifference claim.

## V.    FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2016**                              /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE